Nash, J.
 

 The error complained of, was in the refusal»
 

 -of the presiding Judge, to direct the jury to pass upon the case as required. The separation of the cases, after the jury was charged, was not a matter of right, as claimed by the defendants, but entirely one of discretion in the Judge — a discretion rarely, if ever, used, except in cases where there is no evidence against a part of the defendants, or where the Court is satisfied, that persons are made defendants to prevent their being examined in the case. An instance of this is, where the prosecutor includes in the prosecution unnecessarily all the persons, who were present, thereby cutting off from the accused every chance of bringing the truth of the transaction fully before the Court and jury. But even in that case, the Court will move with great caution in allowing the favor, and only for the purposes of justice. A prosecutor is not compelled to leave out any person he may honestly believe to be a party in a joint trespass, in order that he may be used by the other defendants; and, on the other hand, if he give no evidence against any particular person, so included, the Court may, in its
 
 discretion,
 
 direct the jury to 'pass upon his case ; but even then, it is a matter of sound discretion.
 
 Tidd’s Pr.
 
 861,
 
 Peake’s Ev. 5lh edition,
 
 148, and 1st
 
 Phil, Ev. 6th edition,
 
 68. It has been re
 
 *362
 
 peatedly ruled by this Court, that with judgments of the Superior Court, resting on discretion, we cannot interfere. But, in this case, we think there was not only some evidence against the defendants, in whose favor the motion was made, but sti’ong evidence.
 

 Bin CvaiAivi. Judgment affirmed.